UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ADAM WEILER, | Case No.: 17-CV-1044-AJB-WVG |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | |
| LAURA NUNO TORRES; ANTONIA TORRES OCHOA; ANGEL NUNO TORRES; JESUS HERNANDEZ TORRES; DOES 1 through 10, | **(1) SUA SPONTE REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION; AND** |
| Defendants. | **(2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS, (Doc. No. 3)** |

On May 22, 2017, Defendant Angel Nuno Torres ("Defendant"), acting *pro se*, filed a notice of removal, (Doc. No. 1), and application to proceed *in forma pauperis*, (Doc. No. 3). The notice of removal seeks to remove an unlawful detainer proceeding initiated in San Diego Superior Court by Plaintiff Adam Weiler ("Plaintiff") in this action. (Doc. No. 1 at 2.) For the reasons set forth below, the Court *sua sponte* **REMANDS** the action to San Diego Superior Court for lack of subject matter jurisdiction and **DENIES AS MOOT** Defendant's application to proceed *in forma pauperis*. (Doc. No. 3.)

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction

only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action to federal court only if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id*.

"[F]ederal courts are under an independent obligation to examine their own jurisdiction[.]" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

As set forth in the notice of removal, Defendant alleges the Court has both diversity and federal question jurisdiction over the present action. (Doc. No. 1 ¶¶ 5, 9.) Diversity jurisdiction exists where there is complete diversity among opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* U.S. Const. art. III, § 2, cl. 1. Jurisdiction in a federal question case is "governed by the 'well-pleaded complaint rule,' which provides that federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)); *see Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921). Accordingly, the federal question may not be aided by the notice of removal, *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936), nor may a case be removed on the basis of a federal defense,

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987), or counterclaim, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002).

Defendant first claims that diversity jurisdiction exists. (Doc. No. 1 ¶ 5.) The complaint attached as Exhibit A to the notice of removal, however, affirmatively shows that the amount in controversy does not meet the jurisdictional minimum. The complaint is an unlawful detainer action in which Plaintiff requests $3100.00 in past due rent, as well as reasonable attorney fees and forfeiture of the rental agreement. (Doc. No. 1 at 9.) Plaintiff also seeks damages at the rate of $51.66 per day for each day from April 1, 2017, through entry of judgment. (*Id.*) At this juncture, the request for damages amounts to approximately $2737.98. It is therefore not more likely than not that the amount in controversy exceeds $75,000.

Defendant's contention that federal question jurisdiction exists based on his answer also fails. (Doc. No. 1 ¶¶ 7, 9.) The face of Plaintiff's complaint alleges only a single claim for unlawful detainer, which is a California state law cause of action. (Doc. No. 1 at 7–9.) *Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." (citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010))).

Defendant nonetheless argues that federal question jurisdiction exists based upon his demurrer and answer to the state court complaint, asserting the notice was defective for failing to comply with the Protecting Tenants at Foreclosure Act, a federal statute. (Doc. No. 1 ¶ 7.) Defendant's position carries no clout. Federal question jurisdiction cannot be predicated upon a defendant's response to the complaint; rather, the complaint itself must raise the federal question. *Gully*, 299 U.S. at 113 ("the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal"); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) ("the federal question on which jurisdiction is premised cannot be supplied via a defense"); *Franks v. Franks*, No. 3:17-CV-893-CAB-AGS, 2017 WL 1735169, at *2 (S.D. Cal. May

4, 2017) (remanding unlawful detainer action for lack of subject matter jurisdiction where defendant asserted that plaintiff "allegedly violated the notice provisions of the [PTFA], and that the PTFA preempts Plaintiff's unlawful detainer action").[1]

As such, the Court finds that Plaintiff's complaint does not "necessarily raise a stated federal issue, actually disputed and substantial," which this Court "may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint.").

## CONCLUSION

Based on the foregoing, the Court *sua sponte* **REMANDS** this action in its entirety to San Diego Superior Court. Because the Court remands this action pursuant to its "independent obligation to examine [its] own jurisdiction," *FW/PBS, Inc.*, 493 U.S. at 231, the Court **DENIES AS MOOT** Defendant's application to proceed *in forma pauperis*. (Doc. No. 3.)

**IT IS SO ORDERED.**

Dated: May 23, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Furthermore, Defendant's contention that the demurrer and answer invoked the PTFA is factually false. Defendant demurred on the grounds that the notice was defective for failing to comply with California state law, not the PTFA. (Doc. No. 1 at 17–18.) The answer similarly makes no mention of the PTFA. (*Id.* at 19–22.)